# UNITED STATES BANKRUPCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION
### www.flsb.uscourts.gov

IN RE:          )
            )
            )   **CASE NO.: 0:25-bk-21875**
**Sandra Bernard**       )   **CHAPTER 13**
            )
**DEBTOR\*.**         )
_____)

## CERTIFICATE OF SERVICE

COMES NOW, Debtor, Sandra Bernard, by and through undersigned counsel, and hereby gives notice of serving a copy of the attached **ORDER TO SHOW CAUSE WHY ATTORNEYS JARED GROW, BENJAMIN C. HAYNES, AND ANTHONY ALONEFTIS SHOULD NOT BE SANCTIONED AND WHY FEES SHOUOLD NOT BE DISGORGED FOR FAILURE TO ADEQUATELY REPRESENT THE DEBTOR**, entered January 20, 2026, to the parties on the attached service list.

Dated this 21st day of January 2026.

Respectfully submitted,

_/s/Jared Grow, Esq._
Jared Grow, Esq.
Florida bar No. 1069596
Haynes Law Group, P.A.
407 Wekiva Springs Road, Suite 217
Longwood, FL 32779
Telephone: (407) 960-7377
Email: Jared@hayneslegalgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Court and furnished, via electronic mail or first-class regular mail, this 21st day of January 2026, to:

GISELLE VELEZ, ESQ.
Robertson, Anschutz, Schneid, Crane
& Partners, PLLC
Attorneys for Secured Creditor
AO CPO Trust Series 2019-4
6509 Congress Ave., Ste. 100
Boca Raton, FL 33487
Email: gvelez@raslg.com

AWILDA ESTERAS, ESQ.
Siegfried | Rivera
Attorneys for Secured Creditor Ravello
Homeowners Association, Inc.
201 Alhambra Circle, 11th Floor
Coral Gables, FL 33134
Email: aesteras@siegfriedrivera.com
        ksalvatierra@siegfriedrivera.com

ANTHONY ALONEFTIS, ESQ.
2114 N Flamingo Rd., Ste 2329
Pembroke Pines, F; 33028-3501
Email: aja1law@yahoo.com

/s/ *Jared Grow, Esq.*
Jared Grow, Esq.
Florida Bar Number: 1069596

Barclays Bank Delaware
120 Corporate Blvd
Norfolk, VA 23502-4952


Cavalry Portfolio Serv
1 American Ln
Greenwich, CT 06831-2560


Cavalry Portfolio Services
Attn: Bankruptcy
1 American Ln Ste 220
Greenwich, CT 06831-2563


Credit Corp Solutions Inc
63 E 11400 S
408
Sandy, UT 84070


Midland Credit Management Inc
P.O. Box 939069
San Diego, CA 92193


Onemain
PO Box 1010
Evansville, IN 47706-1010


Portfolio Recov Assoc
120 Corporate Blvd
Norfolk, VA 23502-4952


Portfolio Recovery Associates, LLC
Attn: Bankruptcy
120 Corporate Blvd
Norfolk, VA 23502-4952


Select Portfolio Servicing, Inc
Attn: Bankruptcy
PO Box 65250
Salt Lake City, UT 84165-0250


Td Bank
1 American Ln
Greenwich, CT 06831-2560


World Omni Financial Corp.
Attn: Bankruptcy
6150 Omni Park Dr
Mobile, AL 36609-5195



**ORDERED in the Southern District of Florida on January 20, 2026.**

**Scott M. Grossman, Chief Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

SANDRA BERNARD,                    Case No. 25-21875-SMG

     Debtor.                              Chapter 13

_____/

### ORDER TO SHOW CAUSE WHY ATTORNEYS JARED GROW, BENJAMIN C. HAYNES, AND ANTHONY ALONEFTIS SHOULD NOT BE SANCTIONED AND WHY FEES SHOULD NOT BE DISGORGED FOR FAILURE TO ADEQUATELY REPRESENT THE DEBTOR

This matter came before the Court for a hearing[1] on January 15, 2026 to consider confirmation of debtor, Sandra Bernard's first amended chapter 13 plan.[2] At the hearing, counsel for the chapter 13 trustee pointed to numerous confirmation deficiencies[3] and raised concerns as to whether the debtor's attorneys were adequately representing her in connection with this bankruptcy case. Among other

---

[1] Dkt. No. 8.
[2] Dkt. No. 39.
[3] *See* Dkt. No. 34.

deficiencies, debtor's counsel failed to comply with its most elementary duty under Federal Rule of Bankruptcy Procedure 3015(d) to serve a copy of Ms. Bernard's chapter 13 plan on her creditors.[4] Of course, "[f]or a plan to bind a creditor, the creditor must have proper notice of the plan's provisions prior to confirmation."[5] If a debtor's attorney fails to timely serve the plan on creditors, however, then no creditors would be bound by it and no purpose would have been served by filing for bankruptcy and seeking to confirm a plan to repay a debtor's debts.

In addition to this deficiency, counsel for Ms. Bernard also failed to seek under 11 U.S.C. § 362(c)(3)(B) to continue the automatic stay of 11 U.S.C. § 362(a) in this case, and the time to do so has long since expired.[6] As a result, Ms. Bernard is proceeding in this case without one of the most fundamental protections of the Bankruptcy Code – the automatic stay. While failure to serve the plan and failure to move to continue the automatic stay were two of the most glaring deficiencies, as detailed by the trustee, there were numerous other deficiencies as well.[7]

---

[4] *See* Fed. R. Bankr. P. 3015(d), which provides that "[i]f the plan was not included with the notice of a confirmation hearing mailed under Rule 2002, the debtor must serve the plan on the trustee and creditors when it is filed." The notice of the confirmation hearing (Dkt. No. 8) was mailed by the clerk of court on October 16, 2025 (Dkt. No. 10). The plan, however, was not filed until November 12, 2025 (Dkt. No. 18).

[5] *In re Thomas*, 626 B.R. 804, 819 (Bankr. E.D. Pa. 2021), *aff'd sub nom. Thomas v. City of Philadelphia*, 658 B.R. 104 (E.D. Pa. 2024) (citing *In re Thomas*, 497 B.R. 188, 205 (Bankr. E.D. Pa. 2013) (citing Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy § 233.1, ¶ 9 (4th ed. 2013) (www.Ch13online.com))). *See generally United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010).

[6] When a debtor had another bankruptcy case pending that was dismissed within a year of filing a second case, under 11 U.S.C. § 362(c)(3), the automatic stay terminates on the 30th day after the filing of the new case, unless the court finds – after notice and a hearing completed before expiration of the 30-day period – that the second case was filed in good faith. Here, Ms. Bernard had filed a previous bankruptcy case on April 22, 2025, which case was dismissed on May 13, 2025. *See In re Bernard*, Case No. 25-14398-PDR (Bankr. S.D. Fla.), Dkt. Nos. 1, 10. She then filed the present case on October 8, 2025 (Dkt. No. 1). But she never moved to continue the automatic stay. As a result, the automatic stay in this case terminated on November 7, 2025.

[7] *See* Dkt. No. 34.

2

To compound matters, neither attorney Jared Grow nor attorney Benjamin C. Haynes – both counsel of record for Ms. Bernard – appeared with her at the hearing. Instead, attorney Anthony Aloneftis – who described himself as "coverage counsel" – appeared on her behalf. It was evident at the hearing, however, that Ms. Bernard had never met Mr. Aloneftis before, and that Mr. Aloneftis knew virtually nothing about her case. This collective failure of Ms. Bernard's attorneys to adequately represent her interests raises issues under the Florida Rules of Professional Conduct, the Bankruptcy Code, and this Court's Local Rules.

Rule 4-1.1 of the Rules Regulating the Florida Bar requires a lawyer to provide competent representation to a client. Under Rule 4-1.2(c) a lawyer and client may – if not otherwise prohibited by law or rule – agree to limit the objectives or scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent in writing. And under Rule 4-1.3, a lawyer must act with reasonable diligence and promptness in representing a client.

Under Bankruptcy Code section 526(a), a chapter 13 debtor's attorney must not fail to perform any service that the attorney informed the debtor the attorney would provide in connection with her bankruptcy case.[8] If, after notice and a hearing, the Court finds that the attorney intentionally or negligently failed to comply with its obligations under section 526 or disregarded the material requirements of the

---

[8] 11 U.S.C. § 526(a)(1). Section 526(a) refers to a "debt relief agency." Under 11 U.S.C. § 101(12A), a "debt relief agency" includes "any person who provides bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration." "[A]ttorneys who provide bankruptcy assistance to assisted persons are debt relief agencies." *Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229, 239 (2010).

3

Bankruptcy Code and Federal Rules of Bankruptcy Procedure, that attorney may be liable to the debtor for any fees or charges the attorney received in connection with providing bankruptcy assistance to the debtor, for actual damages, and for reasonable attorneys' fees and costs.[9]

In addition, 11 U.S.C. § 329(b) provides that if an attorney's compensation "exceeds the reasonable value of any such service, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive," to either the estate or the entity that made the payment.[10] And 11 U.S.C. § 105(a) provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.[11] This includes the authority to sanction attorneys.[12]

This Court's Local Rule 2090-1(D)(2) provides that:

> **Attendance at Hearing Required for Debtor's Counsel.** An attorney who makes an appearance on behalf of a debtor, or a member of his or her firm who is familiar with the client and the file, must attend all hearings scheduled in the debtor's case that the debtor is required to attend under any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or order of the court, unless the court has granted a motion to withdraw pursuant to Local Rule 2091-1. The attorney may not use appearance counsel for any hearing unless (a) the client consents in advance to the use of the appearance attorney, (b) the client does not incur any additional expense associated with the use of an appearance attorney, (c) the appearance attorney complies with all applicable rules regarding disclosure of any fee sharing arrangements, and (d) appearance counsel is familiar with the debtor's schedules and

---

[9] 11 U.S.C. § 526(c)(2)(A), (C).

[10] 11 U.S.C. § 329(b).

[11] 11 U.S.C. § 105(a).

[12] *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1263 (11th Cir. 2009). In addition to this statutory authority to sanction attorneys, bankruptcy courts also have inherent authority to do so. *Id.*

2.      Sanctions may be imposed based on 11 U.S.C. §§ 105(a), 329(b), 526(a), or the Court's inherent authority, and may include, without limitation, all available relief under 11 U.S.C. § 526(c)(2) (disgorgement of fees, actual damages, and attorneys' fees) or other sanctions.

3.      Although attorney Anthony Aloneftis appeared for Ms. Bernard at the January 15 hearing, he has not filed any notice of appearance in this case under Fed. R. Bankr. P. 9010(b). Accordingly, attorney Jared Grow is **DIRECTED** to serve a copy of this Order on attorney Anthony Aloneftis in the manner required by Federal Rule of Bankruptcy Procedure 7004(b)(1) and to file a certificate of service as required by Local Rule 2002-1(F).

### # # #

*Copies furnished to Jared Grow, Esq. and Benjamin C. Haynes, Esq. through CM/ECF.*

statement of financial affairs and is otherwise familiar with the facts of the case.

And Local Rule 2090-1(E) provides that:

**Duties of Debtor's Counsel.** Unless the attorney has withdrawn as attorney for the debtor pursuant to Local Rule 2091-1, an attorney who files a petition on behalf of a debtor must advise the debtor of, and assist the debtor in complying with, all duties of a debtor under 11 U.S.C. § 521.[13]

At the January 15 hearing, based on the numerous deficiencies with Ms. Bernard's case, the chapter 13 trustee requested that the Court deny confirmation of Ms. Bernard's chapter 13 plan, dismiss her case, and order Ms. Bernard's attorneys to refund to her the $5,000 in legal fees she paid to them.[14] For the reasons stated on the record at the hearing, at this time the Court is going to continue – rather than deny – confirmation, and deny without prejudice the request to dismiss the case. As for Mr. Grow, Mr. Haynes, and Mr. Aloneftis, however, it is

**ORDERED** that:

1.      Attorneys Jared Grow, Benjamin C. Haynes, and Anthony Aloneftis must appear **in person** on **February 12, 2026, at 10:30 a.m.**, at the **United States Courthouse, 299 E. Broward Boulevard, Room 308, Fort Lauderdale, Florida 33301**, to show cause why they each should not be sanctioned for failing to adequately represent Ms. Bernard in this case.

---

[13] 11 U.S.C. § 521 sets forth the duties of a debtor under the Bankruptcy Code, which includes, among other requirements, cooperating "with the trustee as necessary to enable the trustee to perform the trustee's duties." 11 U.S.C. § 521(a)(3).
[14] Dkt. No. 36.

5